Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran, and Richard Gomez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Monique Portillo,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>Philip Brailsford, an Officer of the Mesa, Arizona, Police Department, Individually; City of Mesa, Arizona, and Arizona municipal corporation, acting through John Meza, Chief of Police City of Mesa, in his Official Capacity; Charles J. Langley, an Officer of the Mesa, Arizona, Police Department, Individually; Brian Elmore, an Officer of the Mesa, Arizona, Police Department, Individually; Christopher Doane, an Officer of the Mesa, Arizona, Police Department, Individually; Bryan Cochran, an Officer of the Mesa, Arizona, Police Department, Individually; Richard Gomez, an Officer of the Mesa, Arizona, Police Department, Individually; John/Jane Does I-5, Officers of the Mesa, Arizona, Police Department whose identities have been withheld from Plaintiff, Individually,<br><br>　　　　　　　　　　Defendants. | Case No.: 2:18-cv-00178-PHX-SRB<br><br>**DEFENDANTS CITY OF MESA, BRIAN ELMORE, CHRISTOPHER DOANE, BRYAN COCHRAN AND RICHARD GOMEZ'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>(Jury Trial Requested) |

　　　　Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran, and Richard Gomez ("City of Mesa Defendants") move to dismiss Plaintiff's Second Amended Complaint. Plaintiff's Second Amended Complaint must be dismissed because Plaintiff failed to timely assert her

amorphous claims against the City of Mesa Defendants within the two-year statute of limitations. In failing to do so, her claims against them do not relate back to her original, timely-filed Complaint, cannot be cured by any further amendment, and must be dismissed.

Moreover, Plaintiff fails to identify the officer responsible for her allegedly unlawful detention, for which the officer had reasonable suspicion, thus requiring dismissal as a matter of law.

**I.      BACKGROUND.**

   *A.     Relevant Facts*

On January 18, 2016, Plaintiff was a guest at La Quinta Inn & Suites in Mesa. (Dkt. 39, ¶¶ 16, 18.) That evening, another guest, Daniel Shaver, invited Plaintiff and her colleague, Luis Nuñez, to his room to socialize. (*Id.*, ¶ 17.) While Plaintiff was in Shaver's room, a hotel staff member called 911, reporting that someone had observed an individual pointing a gun out of a hotel window. (*Id.*, ¶¶ 18, 132.) One of the front desk employees identified the room as Shaver's. (*Id.*, ¶¶ 19-20, 26.)

In response to the call, a team of Mesa Police Department officers, including Defendants Brailsford, Langley, Cochran, Doane, Elmore, and Gomez arrived at the hotel. (*Id.*, ¶ 25.) After receiving a call from police, Plaintiff and Shaver (Nuñez had left) exited the room and were instructed to lie on the ground. (*Id.*, ¶¶ 49, 69-71, 135.) Plaintiff was taken into custody. (*Id.*, ¶ 86.) Shaver was instructed to crawl toward police. (*Id.*, ¶ 82.) As he did so, his athletic shorts fell from his waist. (*Id.*, ¶¶ 90, 93.) He moved and Defendant Brailsford shot him. (*Id.*, ¶¶ 93-94.)

While officers secured the scene, they relocated Plaintiff to a bench outside the hotel. (*Id.*, ¶ 124.) She alleges that she did not know the reason for her detention. (*Id.*, ¶¶ 125-126.) She was eventually released and assigned to a new hotel room. (*Id.*, ¶¶ 128-130.)

///

///

### B. Procedural Background

Significant publicity and multiple lawsuits arose from this chain of events:

*January 10, 2017 – Shaver Lawsuit:* On January 10, 2017, Shaver's parents filed a wrongful death lawsuit in Maricopa County Superior Court.

*January 17, 2017 - Sweet Lawsuit:* On January 17, 2017, Laney Sweet, the mother of Shaver's children, filed suit in the District of Arizona against the City of Mesa, Defendant Brailsford, and the individual City of Mesa Defendants, Elmore, Doane, Cochran, and Gomez. *See Sweet v. City of Mesa, et al.*, No. 2:17-cv-00152-BSB (D. Ariz. Jan. 17, 2017). On behalf of Shaver's minor children and his estate, she alleged wrongful death claims, as well as federal civil rights claims, pursuant to 42 U.S.C. § 1983. Sweet's lawsuit was ultimately consolidated with the Shaver lawsuit.

*December 7, 2017 – Defendant Brailsford Acquitted:* Defendant Brailsford was charged with murder and criminally tried. On December 7, 2017, he was acquitted. Plaintiff was a testifying witness at Brailsford's trial. The officers she now names also testified.

*January 17, 2018 – Plaintiff Files Suit:* On January 17, 2018 – a year *after* Sweet first filed suit against the City of Mesa Defendants and others, and the day the statute of limitations expired on her claims – Plaintiff filed suit in this Court against Defendant Brailsford, and "John Does 1-7, Officers of the Mesa, Arizona, Police Department, Individually and in their Official Capacities. (Dkt. 1.) The inclusion of "John Doe" officer defendants was curious, given Sweet's filing a year prior and Plaintiff's actual contact with Ms. Sweet by text message and phone after the incident.

Pursuant to 28 U.S.C. § 1983, Plaintiff alleged a Fourth Amendment unlawful arrest and detention claim (Count I), and a claim for the unlawful deprivation of property, with respect to a purse and jacket belonging to Plaintiff. Plaintiff did not name the City of Mesa or any of the individual City of Mesa Defendants in her original Complaint.

*April 19, 2018 – Plaintiff Amends Her Complaint:* On April 19, 2018, Plaintiff filed a First Amended Complaint against the original defendants – Defendant Brailsford

3

and "John Does 1-7." (Dkt. 12.) She *still* does not add the City of Mesa or the individual City of Mesa Defendants. Plaintiff's claims remain the same.

***October 26, 2018 - Plaintiff's Second Amended Complaint:*** On October 26, 2018 – nine months after the expiration of the statute of limitations in this case and a year and nine months after Sweet filed suit identifying the individual City of Mesa Defendants – Plaintiff filed a Second Amended Complaint. For the first time, Plaintiff identified the City of Mesa and individual City of Mesa Defendant officers Elmore, Doane, Cochran, and Gomez as Defendants. (Dkt. 39.) She also continued to list "John/Jane Does 1-5, Officers of the Mesa, Arizona, Police Department." (Dkt. 39.)

Pursuant to 28 U.S.C. § 1983, Plaintiff alleged that Defendant Brailsford and Defendants Elmore, Doane, and Gomez violated her Fourth and/or Fourteenth Amendment rights to be free from unreasonable arrest and detention (Count I).[1] She also added a *Monell* claim against Defendant City of Mesa (Count II).

The untimely addition of the City of Mesa Defendants is inexcusable, particularly in light of the fact that Plaintiff was a witness at Brailsford's trial nine months earlier, where the identities of the officers present when Shaver was shot would have been discussed ad nauseum, and that Plaintiff was communicating with Ms. Sweet by phone.

## II. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

### A. *Plaintiff's Claims Against the City of Mesa Defendants are Barred by the Statute of Limitations*

The "wrongful detention" alleged in Plaintiff's Second Amended Complaint occurred on January 18, 2016. (Dkt. 39, ¶¶ 25, 31, 37, 40, 101.) Plaintiff filed her original Complaint against Defendant Brailsford and "John Doe" officers on January 17, 2018. (Dkt. 1.) She did not name any of the individual City of Mesa Defendants, nor did she name the City of Mesa, in spite of the fact that their identities were (and had been) public

---

[1] Defendant Cochran is not mentioned in Count I.

4

knowledge.[2] The City of Mesa Defendants were added nine months later, via Plaintiff's Second Amended Complaint. (Dkt. 39.)

State law determines the statute of limitations for actions brought under 42 U.S.C. § 1983. *See Strung v. Anderson*, 452 F.2d 632 (9th Cir. 1971). The statute of limitations for all Section 1983 claims is the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985). In Arizona, this period is two years. *See* A.R.S. § 12-542. Thus, the statute of limitations for Plaintiff's Section 1983 claims against the City of Mesa Defendants expired two years from January 18, 2016 - on January 17, 2018 (the day Plaintiff originally filed suit).[3] Incomprehensibly and inexcusably, Plaintiff failed to file suit against the City of Mesa Defendants within the statute of limitations. Her claims against them therefore fail.

### *B. Plaintiff's Claims Against the City of Mesa Defendants Do Not Relate Back to the Original Complaint*

In federal court, fictitious-party pleading is disfavored and, in some circuits, forbidden. *See Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969)*; see also Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (holding that it was proper to dismiss action as to fictitious defendants); *Sigurdson v. Del Guercio*, 241 F.2d 480 (9th Cir. 1956) ("These John Doe complaints are dangerous at any time. It is inviting disaster to allow them to be filed and to allow fictitious persons to remain defendants if the complaint is still of records"); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (in federal court, "fictitious pleading is not permitted"). Identifying Doe defendants "simply by a title held by numerous other individuals . . . fails to provide the specificity required to avoid the fictitious-party pleading rule." *Isles v. Doe*, 2:18-cv-632, 2018 U.S. Dist. LEXIS 85234, at *2 (M.D. Fla. May 22, 2018). What's more, "[a] fictitious name . . .

---

[2] When Plaintiff originally filed suit, she had already been a witness in Defendant Brailsford's criminal trial and was in contact with the mother of Shaver's children, Sweet, by phone. Sweet had filed suit a year earlier and knew the identities of the City of Mesa Defendants.

[3] Plaintiff's Complaint contained the wrong date for the incident.

., when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action." *Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976, 976-77 (11th Cir. 2016).

"The only purpose the naming of fictitious defendants could possibly serve is to make it possible to substitute named defendants after the statute of limitations has run. But Rule 15(c), Federal Rules of Civil Procedure, provides the *only way* in which defendants not accurately named in a pleading before the limitation period has run, may be accurately named afterwards." *Craig*, 413 F.2d at 856 (emphasis added). And Rule 15(c) *does not* account for fictitious defendants. Thus, "[i]t is wholly immaterial, insofar as the application of that rule is concerned, whether fictitious defendants were named prior to the running of the statute." *Id.* In other words, the fact that Plaintiff previously identified fictitious City of Mesa Police officers is immaterial to the analysis of whether Plaintiff's claims against the City of Mesa Defendants relate back to the timely-filed original Complaint.

Rule 15(c)(1)(C) governs whether a pleading relates back. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."). In order for an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be met: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202 (9th Cir. 2014) (citing *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). Additionally, the second and third requirements must have been fulfilled within 90 days after the original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m). *See Butler*, 766 F.3d at 1202 (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir.

6

1  2013) (indicating that the fourth requirement is met when "'the second and third criteria
2  are fulfilled within 120 days of the filing of the original complaint, and . . . the original
3  complaint [was] filed within the limitations period.'")).

4      Here, the only factor that Plaintiff's Second Amended Complaint meets as to the
5  City of Mesa Defendants is the first factor. *See* Fed. R. Civ. P. 15(c)(1)(B). The claims
6  asserted in the Second Amended Complaint arose out of the same events set forth in
7  Plaintiff's original Complaint (although her original Complaint does put the wrong date
8  on the incident and also misidentifies in places the name of Brailsford). That being said,
9  given that the City of Mesa Defendants were identified in the *Sweet* lawsuit one year prior
10 to this lawsuit's filing and that Plaintiff was a witness in Defendant Brailsford's trial the
11 year before, the City of Mesa Defendants could have had no idea that Plaintiff intended to
12 sue them. The information she needed to do so was publicly available.[4] Plaintiff's failure
13 to identify the City of Mesa officers was not a "mistake," Plaintiff simply chose not to do
14 her due diligence.

15      Moreover, the City of Mesa Defendants did not receive notice or knowledge that
16 this action could have been brought against them within the Rule 4(m) time period (from
17 filing of the *original* Complaint). In fact, two days after the expiration of that time frame,
18 on April 19, 2018, Plaintiff further amended her Complaint. She *still* did not identify the
19 City of Mesa Defendants. In light of that amendment, there can be no question that the
20 City of Mesa Defendants could not have expected that, at that late date and after all of the
21 media coverage associated with Shaver's death, Plaintiff intended to sue them.

22      Plaintiff's failure to timely identify the City of Mesa Defendants by name is no
23 mistake. Perhaps Plaintiff was careless. Perhaps she was lazy. Regardless, Rule 15(c) does
24 not account for either. Simply put, Plaintiff's amendment does not satisfy the conditions

---

[4] Moreover, the officers who did not have any contact with Plaintiff could not have reasonably anticipated that they would be subject to liability for alleged violations of her constitutional rights.

7

of Rule 15(c) and thus her claims against the City of Mesa Defendants are untimely and must be dismissed.

## III. PLAINTIFF'S FOURTH AMENDMENT UNREASONABLE SEIZURE CLAIM FAILS.

### A. *Plaintiff's Failure to Identify the Officer Responsible for the Alleged Deprivation of Her Constitutional Rights is Fatal to Her Claim*

Plaintiff alleges that, pursuant to 42 U.S.C. § 1983, the City of Mesa Defendants, including the City itself, violated her constitutional right to be free from seizure and detention. This claim is problematic for two reasons. First, Plaintiff fails to identify the officer allegedly responsible for her brief detention. Throughout her Second Amended Complaint, she refers to the "Defendants," or the City of Mesa Defendants collectively, rather than identifying with any specificity the officer(s) who detained her. This is insufficient to state a claim against the individual City of Mesa Defendants. (Dkt. 39, ¶¶ 155-159, 161.)

A defendant may be liable to a plaintiff in a Section 1983 action if the defendant "subject[ed], or caus[ed] to be subjected," the plaintiff to the deprivation of her constitutional rights. 42 U.S.C. § 1983; *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff . . . must demonstrate that the defendant's conduct was the actionable cause of the claimed injury.") (citations omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Being "a mere bystander" to a constitutional violation, however, is *insufficient* to support Section 1983 liability. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996) (rejecting "the 'team effort' standard [that] allows the jury to lump all the defendants together, rather than require an instruction that would invite a jury to find all of the

1 officers liable for an alleged constitutional violation merely for being present at the scene
2 of an alleged unlawful act."); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481
3 n.12 (9th Cir 2007) (explaining that integral participation requires "some fundamental
4 involvement in the conduct that allegedly caused the violation" and affirming summary
5 judgment in favor of officer who arrived on the scene after the allegedly unconstitutional
6 arrest and officer who provided only crow control).

7 Where the constitutional violation alleged is false arrest, the deprivation takes place
8 when the detainee is seized and a reasonable person would not have believed she was free
9 to leave. Therefore, in order to have "caused" or "participated" in the arrest, the individual
10 in question "must have undertaken some action prior to, or perhaps at the time of" the
11 arrest. *Jenkins v. Keating*, 147 F.3d 577, 583-84 (7th Cir. 1998). Simply taking action
12 after a seizure has been made is not sufficient to imbue an officer with false arrest
13 liability. *Id.* at 584.

14 Here, Plaintiff broadly alleges, simply, that "[t]he actions taken by Defendants
15 City, Brailsford, Langley, Elmore, Doane, and Gomez, and John/Janes Does 1-5 during
16 their prolonged, unjustified, and unreasonable arrest and detention of Plaintiff were such
17 that, as a reasonable person, Plaintiff did not believe she was free to leave" (Dkt. 39, ¶
18 155); she alleges "[t]he actions of Defendants Brailsford, Langley, Elmore, Doane, and
19 Gomez constituted false, unlawful, and/or unreasonable arrest in violation of her Fourth
20 Amendment and/or Fourteenth Amendment rights." (Dkt. 39, ¶ 158.) She does not even
21 mention Defendant Cochran, and it is unclear when she claims the alleged unreasonable
22 detention began, when it ended, or who actually detained her.

23 Plaintiff's vague claims are insufficient to state a Fourth Amendment claim against
24 any of the City of Mesa Defendants for false arrest/unreasonable seizure. This claim must
25 be dismissed.

26 / / /
27 / / /
28 / / /

9

### B. *The City of Mesa Defendants had Reasonable Suspicion to Detain Plaintiff*

Second, Plaintiff's unreasonable search and seizure claim fails because, regardless of who the detaining officer was, the officers had reasonable suspicion to conduct an investigatory stop and detain her, and reasonable suspicion is a defense to Plaintiff's unreasonable search and seizure claim.

An investigatory (*Terry*) stop is reasonable under the Fourth Amendment if "the officer's action was justified at its inception" and the investigation "was reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Sharpe*, 470 U.S. 675, 682 (1985) (quoting *Terry v. Ohio*, 392 U.S. 1, 20 (1968)). An officers' action is justified at its inception if the officer had "reasonable suspicion" of criminal activity before initiating an investigatory stop. *United States v. Sokolow*, 490 U.S. 1, 7 (1989). Reasonable suspicion means the officer can identify "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21; *see also United States v. Cortez*, 449 U.S. 411, 417 (1981) (holding that "the totality of the circumstances – the whole picture – must be taken into account" when determining if an officer had reasonable suspicion to perform an investigatory stop). "Reasonable suspicion is a less demanding standard than probably cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990). Further, the use of handcuffs does not, in and of itself, elevate a detention to an arrest. *United States v. Reyes-Vencomo*, 866 F. Supp. 2d 1304, 1330 (D.N.M. 2012).

Here, the police officer who detained Plaintiff – whoever it was – undoubtedly had reasonable suspicion to conduct an investigatory stop. Plaintiff had been in a hotel room where hotel guests had reported someone waving a gun. "[U]nder appropriate

circumstances, an anonymous tip can demonstrate 'sufficient indicia of reliability to provide reasonable suspicion to make [an] investigatory stop.'" *Navarette v. California*, 134 S.Ct 1683, 1688 (2014) (citation omitted) (rejecting argument that reasonable cause for an investigatory stop can only be based on the officer's personal observation, rather than information supplied by another person). She was then a witness to the police shooting. The circumstances officers were presented with following the shooting undoubtedly justified an investigatory stop. As such, her detention could not be unconstitutional and her Fourth Amendment claim must be dismissed.

### IV. PLAINTIFF FAILS TO STATE A *MONELL* CLAIM.

"The Ninth Circuit has made clear that claims of *Monell* liability must now comply with the basic principles set forth in *Twombly* and *Iqbal*: (1) the complaint "may not simply recite the elements a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectives;" and (2) the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Here, Plaintiff's *Monell* claim meets neither of those requirements. Her allegations are boilerplate and lack any clarity, precision, or attention to detail. They are confusing and, clearly, the result of a poor cut-and-paste job:

- In Paragraph 173, for example, Plaintiff refers to "Transit Security Officers." The City of Mesa has no idea who "Transit Security" is. Obviously, Plaintiff pasted these allegations from another Complaint.

- In Paragraph 169, Plaintiff – undecided as to what her claim actually is – alleges, "Defendant City of Mesa *either* maintains an official policy of a) permitting its police officers to use create [sic] circumstances in which force may appear to be justified absent the need for such force *and/o***r** b) permitting its officers to use excessive and

unlawful force against citizens ***and/or*** c) permitting its police officers to illegally arrest and detain people unlawfully ***or, in the alternative***, maintains a *de facto* policy of ignoring such actions by the officers employed by MPD[.]"  (emphasis added.)

This paragraph (and Paragraphs 173, 174, 180, and every paragraph in between) is problematic for a number of reasons and a prime example of throwing claims at the wall in hopes that one will stick. In addition to expecting the City of Mesa to determine which alternative may apply to them, this allegation is based on excessive force in a case where there is no excessive force allegation. Plaintiff alleges a Fourth Amendment false arrest/unreasonable search and seizure claim, not excessive force.  Thus, these allegations, in addition to being incomprehensible, lack the requisite underlying constitutional violation necessary to prevail.

"[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff must prove that the alleged constitutional violations were committed pursuant to a formal governmental policy, or a longstanding practice or custom which is the City's standard operating procedure. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Such a practice or custom must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Ericson v. City of Phoenix*, CV-14-01942-PHX-JAT, 2016 WL 6522805, at *21 (D. Ariz. Nov. 3, 2016) (citing *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)); *see City of Canton*, 489 U.S. at 388; *see also Trevino*, 99 F.3d at 918 (liability may not be predicated on isolated or sporadic incidents).

Plaintiff does not allege that any City policy was the moving force behind an alleged constitutional injury or was even deficient. Instead, her *Monell* claim is based on

the alleged unconstitutional conduct of specific officers (who, as described above, she improperly ascribes, collectively, unconstitutional conduct). Plaintiff's *Monell* claim is, thus, nothing but an attempt to impose *respondeat superior* liability upon the City of Mesa, which is improper under Section 1983.

Here, Plaintiff claims that the "obviousness of the facts" giving rise to her claims are enough to impose independent liability upon the City. (Dkt. 39, ¶ 171.) The alleged facts supporting Plaintiff's attempt at a *Monell* claim are, however, anything but obvious to the City of Mesa – the party that must defend itself. Plaintiff's *Monell* claim against the City of Mesa must be dismissed.

## V. CONCLUSION.

Plaintiff's claims against the City of Mesa Defendants are all time barred and must be dismissed. Even if they were not, however, Plaintiff fails to state her Fourth Amendment allegations against the City of Mesa Defendants with requisite particularity and fails to state a *Monell* claim against the City. Her claims thus fail as a matter of law.

DATED this 4th day of January, 2019.

> WIENEKE LAW GROUP, PLC
>
> By: */s/ Christina Retts*
> Kathleen L. Wieneke
> Christina Retts
> 1095 West Rio Salado Parkway, Suite 209
> Tempe, Arizona 85281
> *Attorneys for Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran, and Richard Gomez*

## CERTIFICATE OF PERSONAL CONSULTATION

Pursuant to LRCiv 12.1, the City of Mesa Defendants make this certification that on January 4, 2019, and prior to filing this Motion to Dismiss, the attorney for the City of Mesa Defendants attempted to confer with Plaintiff's counsel regarding the facts that the primary issue with Plaintiff's Second Amended Complaint cannot be cured by amendment.

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2019, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF System. A Notice of Electronic Filing will be served to the following registered participants:

Gene N. Chávez
CHAVEZ LAW OFFICES, PA
1220 5th Street
Albuquerque, NM 87102
gene@chavezlawoffices.com
*Attorney for Plaintiff*

Daniel J. O'Connor, Jr.
Justin D. Holm
O'CONNOR & CAMPBELL, P.C.
7955 South Priest Drive
Tempe, AZ 85284
*Attorneys for Defendant Philip Mitchell Brailsford, Jr.*

James J. Belanger
J. BELANGER LAW PLLC
PO Box 447
Tempe, AZ 85280
*Attorney for Defendant Charles Langley*

By:   */s/ Kim Penny*